**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MONIQUE GUILLEN MONTEIRO,              Case No.:

   Plaintiff,

v.

SUPER LUCKY TOUR COMPANY INC., YAO
JIANG, WEN XU, ZHENG CHEN, ZHONG MIN
CHEN, and TAOS GLOBAL GROUP INC.,

   Defendants.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Monique Guillen Monteiro, by and through her undersigned counsel, D. Aaron Rihn, Esquire, Sara J. Watkins, Esquire, Stanley D. Ference IV, Esquire, and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendants and in support thereof, she states as follows:

## PARTIES

1. Plaintiff Monique Guillen Monteiro is an adult individual who is a citizen of Brazil and resides at Aparecicio De Moraes Street No. 4319, Industrial District, Porto Velho State RO OU 76821240, Brazil.

2. Defendant Yao Jiang (herein after "Jiang") is an adult individual who resides at 14450 38th Avenue, Apartment 4C, Flushing, New York 11354.

3. At all times material hereto, Defendant Jiang was the driver of a 2005 Van Hool commuter coach bus (herein after the "Incident Bus") with a license plate number of 5795B registered in the Commonwealth of Massachusetts, a vehicle identification number of YE2CC16BX5204656, and a United States Department of Transportation Number of 02778816 involved in the accident described herein

1

4.      Defendant Super Lucky Tour Company, Inc., (herein after "Super Lucky"), is a Commonwealth of Massachusetts Business Corporation with a registered place of business located at 75 Arlington Street, Boston, Massachusetts 02116.

5.      At all times material hereto, Defendant Super Lucky was the owner of the Incident Bus.

6.      Defendant Zhong Min Chen was the President, Treasurer, Secretary, Director, and the Registered Agent for Defendant Super Lucky in 2015. Additionally, Defendant Zhong Min Chen was registered as Defendant Super Lucky's Registered Agent up until 2022.

7.      Defendant Zhong Min Chen is also an agent, servant, and/or employee of Defendant Taos Global Group, Inc., as evidenced by the contact information listed with the Secretary of the Commonwealth of Massachusetts.

8.      Defendant Taos Global Group, Inc., (herein after "Taos Global") was a State of Illinois Business Corporation with a registered place of business located at 2167 B S China Place, Chicago, Illinois 60616.

9.      Defendant Taos Global's registered agent and president is Peigen Tao.

10.      According to the Illinois Secretary of State, Defendant Taos Global was formally dissolved on June 13, 2025.

11.      Defendant Wen Xu is the President, Treasurer, Secretary, and Director of Defendant Super Lucky. Defendant Wen Xu became the President, Treasurer, Secretary, and Director of Defendant Super Lucky in 2016.

12.      Defendant Zheng Chen is the Secretary of Defendant Super Lucky. Defendant Zheng Chen became the Secretary of Defendant Super Lucky in 2022.

13.    Upon information and belief, Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global Group, Inc. are the alter egos of Defendant Super Lucky and should be held individually liable for the acts and omissions of Super Lucky. These Defendants have so dominated and controlled Super Lucky's corporate affairs that Super Lucky has ceased to be a separate entity and has become merely an instrumentality of these individual Defendants. The Defendants have abused the corporate form by: (a) misrepresenting registered addresses and principal places of business, (b) operating out of residential properties without proper licensing, (c) causing the dissolution and insolvency of Super Lucky, and (d) engaging in misrepresentation and fraud as pled herein. As a result of this domination and control, recognition of Super Lucky as a separate corporate entity would promote injustice and inequitable consequences, particularly given that these Defendants have caused or allowed Super Lucky to become judgment-proof while continuing to derive benefits from its operations.

## JURISDICTION

14.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(3) over the claims in this matter since the amount in controversy exceeds the sum or value of $75,000 and the Plaintiff is a citizen of Brazil not admitted to the United States as a permanent resident and Defendants are citizens of either New York, Massachusetts, or Illinois.

15.    This Court has personal jurisdiction over Defendant Super Lucky because it regularly conducts business in the state of Pennsylvania. This Court has personal jurisdiction over Defendant Jiang because he committed an act which constituted purposeful conduct which caused harm within the state.

16.    Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as Defendants' actions and/or omissions took place within the Middle District of Pennsylvania.

**FACTS COMMON TO ALL CAUSES OF ACTION**

17.     Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

18.     Defendant Super Lucky is a motor carrier company that is permitted to operate both interstate and intrastate busing operations.

19.     Defendant Super Lucky was incorporated in 2015, and Defendant Zhong Min Chen was the President, Treasurer, Secretary, and Director of Defendant Super Lucky.

20.     In May 2015, Defendant Super Lucky had listed 901 Washington Street, Attleboro, Massachusetts 02703 as their registered office and principal place of business.

21.     From 2013 until 2017, 901 Washington Street, Attleboro, Massachusetts 02703, was registered with the City of Attleboro and linked to a Business Certificate issued to Shanghai Gardens Restaurant.

22.     Upon information and belief, Defendant Zhong Min Chen and Defendant Super Lucky never registered with the City of Attleboro for a Business License and/or Business Certificate.

23.     In July of 2015, Defendant Zhong Min Chen filed a Statement of Change of Supplemental Information in which Defendant Super Lucky's principal place of business was changed to 140 Safford Street, Quincy, Massachusetts 02170.

24.     The address of 140 Safford Street, Quincy, Massachusetts 02170 is a residential residence.

25.     The City of Quincy requires any person using their home, a residential residence, for business purposes to receive a Letter of Approval from the Inspectional Services Department.

26. Upon information and belief, Defendant Zhong Min Chen and Defendant Super Lucky never registered with the City of Quincy for a Business License and/or Business Certificate nor received a Letter of Approval from the Inspectional Services Department to operate Defendant Super Lucky out of a residential residence.

27. Even after changing Defendant Super Lucky's principal place of business, Defendant Super Lucky listed 901 Washington Street, Attleboro, Massachusetts 02703 as their registered office and 12 Headland Way, Medford, Massachusetts 02155 as their principal office in 2016.

28. The address of 12 Headland Way, Medford, Massachusetts 02155 is a residential residence.

29. Defendant Super Lucky, Defendant Zhong Min Chen, and Defendant Wen Xu never filed a Statement of Change of Supplemental Information with the Secretary of the Commonwealth of Massachusetts Corporations Division notifying them of a change in Defendant Super Lucky's principal place of business.

30. In February of 2019, Defendant Super Lucky filed a Statement of Change of Supplemental Information with the Secretary of the Commonwealth of Massachusetts Corporations Division notifying them of a change in Defendant Super Lucky's registered office. Defendant Super Lucky's new registered office and principal place of business was listed as 75 Arlington Street, Room 5093, Boston, Massachusetts 02116.

31. Between 2019 and 2022, 75 Arlington Street, Room 5093, Boston, Massachusetts 02116 was registered as Defendant Super Lucky's registered office and principal place of business.

32.    Upon information and belief, Defendant Super Lucky, Defendant Zhong Min Chen, and Defendant Wen Xu never registered with the City of Boston for a Business License and/or Business Certificate.

33.    Upon information and belief, Defendant Super Lucky has not filed for dissolution.

34.    Upon information and belief, Defendant Super Lucky's principal place of business is no longer located at 75 Arlington Street, Room 5093, Boston, Massachusetts 02116.

35.    At all times relevant hereto, Defendant Jiang was an employee, agent, and/or servant of Defendant Super Lucky, as well as the operator of the Incident Bus.

36.    At all times relevant hereto, Defendant Jiang was engaging in conduct that furthered Defendant Super Lucky's business and/or interests.

37.    The events upon which this Complaint is based occurred on August 6, 2023 at approximately 11:50 P.M., on Interstate 81 in the Commonwealth of Pennsylvania.

38.    Defendant Super Lucky hired Defendant Jiang to competently drive and operate the Incident Bus from New York, New York to Columbus, Ohio on August 6, 2023.

39.    On August 6, 2023, Defendant Jiang was in physical charge, operation, management, and control of the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendant Super Lucky, with the knowledge, consent, and permission, either express or implied, of Defendant Super Lucky when Defendant Jiang began the trip.

40.    On August 6, 2023, Plaintiff Monique Guillen Monteiro boarded the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendant Super Lucky.

41.    Plaintiff Monique Guillen Monteiro was a lawful passenger on the Incident Bus.

42.    At approximately 11:50 P.M. on Interstate 81 in the Commonwealth of Pennsylvania, the Incident Bus drove off Interstate 81, just north of Harrisburg, Pennsylvania,

struck an embankment, rolled onto its right side and struck the back of another vehicle that had been stopped in the right lane.

43.     Defendant Jiang was not operating the Incident Bus at a safe speed at the time of the crash given the weather conditions.

44.     The road was wet at the time of the crash, and Defendant Jiang attempted to navigate the right curve at a dangerous rate of speed as evidenced by the Pennsylvania State Police's crash report.

45.     Defendant Jiang failed to be properly vigilant in operating the Incident Bus.

46.     Defendant Jiang subsequently failed to turn in order to avoid the embankment and the stopped vehicle.

47.     Lastly, Defendant Jiang failed to properly brake when approaching the embankment and the stopped vehicle once they came into view.

48.     The result of the crash was severe. The Incident Bus was carrying about 45 to 50 passengers. Three individuals lost their lives, and many passengers were hospitalized with severe injuries.

49.     At the time of the crash, Plaintiff Monique Guillen Monteiro, along with many others, were thrusted from their seats. Plaintiff Monique Guillen Monteiro's body hit against the interior of the Incident Bus as it flipped.

50.     During the crash, passengers piled up on top of each other as they were thrown from their seats and the bus rotated.

51.     After the crash, Plaintiff Monique Guillen Monteiro was taken to Hershey Medical Center to be treated for her injuries.

52.    Plaintiff Monique Guillen Monteiro suffered serious damage to her vertebrae, as well as damage to various muscles, discs, ligaments, tissues, and tendons. She was given morphine for her pain upon arrival at Hershey Medical Center.

53.    Plaintiff Monique Guillen Monteiro suffered potentially irreparable physical damage from the crash, along with immeasurable mental anguish and suffering.

54.    On February 14, 2024, Counsel for Plaintiff Monique Guillen Monteiro sent a Letter of Representation addressed to Defendant Super Lucky at 75 Arlington Street, Suite 500-5093, Boston, Massachusetts 02116.

55.    On February 14, 2024 and May 30, 2024, Counsel for Plaintiff Monique Guillen Monteiro sent a Letter of Representation addressed to Defendant Super Lucky at 75 Arlington Street, Suite 500-5093, Boston, Massachusetts 02116.

56.    At all times material hereto, Safety Insurance Company insured Defendant Super Lucky pursuant to a policy (hereinafter "The Policy"), against claims arising from the negligent operation of the Incident Bus.

57.    Upon information and belief, the Policy has a $5,000,000.00 liability limit for bodily injury claims

58.    Upon information and belief, in or around August of 2024, and before the Statue of Limitations had expired on Plaintiff Monique Guillen Monteiro's causes of action, Defendant Super Lucky had entered into a Global Mediation with other victims of the crash.

59.    Upon information and belief, Defendant Super Lucky and Safety Insurance Company knew and/or should have known that Plaintiff Monique Guillen Monteiro had legal representation, as evidenced by Plaintiff Monique Guillen Monteiro's two Letters of Representation.

60.    Counsel for Plaintiff Monique Guillen Monteiro was never notified nor made aware of the Global Mediation.

61.    Upon information and belief, Defendant Super Lucky and Safety Insurance Company knew that Plaintiff Monique Guillen Monteiro was a victim of the crash because Plaintiff Monique Guillen Monteiro was identified in the Police Report.

62.    Upon information and belief, Defendant Super Lucky and Safety Insurance knew that Plaintiff Monique Guillen Monteiro was a victim of the crash prior to entering the Global Mediation.

63.    Upon information and belief, Defendant Super Lucky authorized Safety Insurance Company to liquidate Defendant Super Lucky's entire insurance policy.

**COUNT I**
**NEGLIGENT ENTRUSTMENT**
**Plaintiff Monique Guillen Monteiro v. Defendant Super Lucky**

64.    Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

65.    At all times material hereto, Defendant Super Lucky's employee and/or agent, Defendant Jiang, was operating and/or exercising control over the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendant Super Lucky with their consent, authorization, knowledge, and/or permission.

66.    Defendant Super Lucky and Defendant Jiang, through his role as an employee and/or agent for Defendant Super Lucky, assumed and did owe a duty of care to all reasonably foreseeable people, including Plaintiff Monique Guillen Monteiro, to own, lease, manage, maintain, control, entrust, and operate the Incident Bus in a safe and reasonable manner on August 6, 2023.

67.    The accident, injuries, and damages resulting therefrom were the direct and proximate result of the negligence of Defendant Super Lucky and Defendant Jiang, through his role as an employee and/or agent for Defendant Super Lucky, in some or all of the following particulars:

a.    In failing to have the Incident Bus under the proper control;

b.    In failing to obey the rules of the road;

c.    In failing to keep a proper look-out;

d.    In failing to operate the brakes in such a manner that the vehicle could be stopped before colliding with the embankment;

e.    In failing to observe the condition of Interstate 81 and the traffic thereon;

f.    In failing to observe, with reasonable care, the traffic and road conditions of Interstate 81 including the location of the embankment;

g.    In failing to avoid the accident by changing the direction of the Incident Bus;

h.    In failing to obey traffic signals; and,

i.    In failing to avoid the accident by applying the brakes.

68.    As a direct and proximate result of the negligence of Defendant Super Lucky, as set forth in this Complaint, Defendant Jiang, as entrustee and operator of the Incident Bus, struck an embankment, rolled the Incident Bus onto its right side and struck the back of another vehicle, which resulted in Plaintiff Monique Guillen Monteiro being propelled out of her seat and sustaining extensive injuries to her back, including, but not limited to, a fractured vertebrae, back pain, and as well as the muscles, discs, ligaments, tissues, tendons, and nerves in, about, and

extending from various portions of Plaintiff Monique Guillen Monteiro's body, all of which injuries are or may be serious and permanent

69.    As a direct and proximate result of the negligence of Defendant Super Lucky, as set forth in this Complaint, Defendant Jiang, as entrustee and operator of the Incident Bus, Plaintiff Monique Guillen Monteiro has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, impairment of movement of the various parts of her body, the loss of the ability to engage in her usual activities and occupation; the burden of medical expenses necessary for treatment to effect a cure and/or mitigate the pain of the aforesaid injuries; the impairment of earnings and earning capacity; lost wages; lost pension benefits; the impairment of her general health, strength, and vitality; and, the loss of the ability to enjoy the various pleasures of life.

70.    In the event it is determined that Defendant Super Lucky was negligent in hiring, training, and/or supervising Defendant Jiang, said actions/inactions on the part of Defendant Super Lucky are pled as additional bases upon which relief may be granted to Plaintiff Monique Guillen Monteiro.

71.    The aforementioned motor vehicle accident on August 6, 2023 and Plaintiff Monique Guillen Monteiro's injuries, as described herein, were a natural and probable consequence of Defendant Super Lucky's negligent entrustment of its Incident Bus to Defendant Jiang.

### COUNT II
### VICARIOUS LIABILITY
### Plaintiff Monique Guillen Monteiro v. Defendant Super Lucky

72.    Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

73.     At all times material hereto, Defendant Super Lucky's employee, Defendant Jiang, was operating and/or exercising control over the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendant Super Lucky, as, and in the capacity of, agent, servant, and/or employee of Defendant Super Lucky has respondeat superior liability for the negligent and careless actions of its employee, Defendant Jiang.

74.     Defendant Jiang, as the employee, agent, and/or servant of Defendant Super Lucky, committed the following careless and negligent acts and/or omissions:

  a.     In driving the vehicle at an excessive and dangerous rate of speed under the circumstances;

  b.     In failing to have the Incident Bus under adequate and proper control;

  c.     In failing to keep a proper look-out;

  d.     In failing to operate the brakes in such a manner that the Incident Bus could be stopped in a controlled manner;

  e.     In failing to observe the condition of the highway and the traffic thereon;

  f.     In failing to observe, with reasonable care, traffic and road conditions;

  g.     In failing to avoid the accident by neglecting to slow down while approaching the embankment;

  h.     In failing to pay attention to his surroundings while operating the Incident Bus; and,

  i.     In driving in a negligent and unsafe manner, as pled herein.

75.     The aforementioned careless and negligent acts were committed while Defendant Jiang was engaged in furthering the business and/or interests of Defendant Super Lucky.

76.     As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendant Super Lucky, as herein set forth, Plaintiff Monique Guillen Monteiro was injured and required treatment.

77.     As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendant Super Lucky, as herein set forth, Plaintiff Monique Guillen Monteiro sustained injuries to her back, including, but not limited to, a fractured vertebrae, back pain, and as well as the muscles, discs, ligaments, tissues, tendons, and nerves in and about and extending from various portions of Plaintiff Monique Guillen Monteiro's body, all of which injuries are or may be serious and permanent.

78.     As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendant Super Lucky, as herein set forth, Plaintiff Monique Guillen Monteiro has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, impairment of movement of the various parts of her body, the loss of the ability to engage in her usual activities and occupation; the burden of medical expenses necessary for treatment to effect a cure and/or mitigate the pain of the aforesaid injuries; the impairment of earnings and earning capacity; lost wages; lost pension benefits; the impairment of her general health, strength, and vitality; and, the loss of the ability to enjoy the various pleasures of life.

**COUNT III**
**NEGLIGENCE**
**Plaintiff Monique Guillen Monteiro v. Defendant Jiang**

79.     Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

13

80.     The accident, injuries, and damages resulting therefrom were the direct and proximate result of the negligence of Defendant Jiang in some or all of the following particulars:

a.     In driving the Incident Bus at an excessive and dangerous rate of speed under the circumstances;

b.     In failing to have the Incident Bus under adequate and proper control;

c.     In failing to keep a proper look-out;

d.     In failing to operate the brakes in such a manner that the Incident Bus could be stopped in a controlled manner;

e.     In failing to observe the condition of Interstate 81 and the traffic thereon;

f.     In failing to observe, with reasonable care, traffic and road conditions;

g.     In failing to avoid the accident by neglecting to slow down while approaching the embankment;

h.     In continuing to operate the Incident Bus in the direction of the embankment when Defendant Jiang saw or, in the exercise of reasonable diligence, should have seen that further operation could result in his passengers becoming displaced from their seats;

i.     In failing to pay attention to his surroundings while operating the Incident Bus; and,

j.     In driving in a negligent and unsafe manner, as pled herein.

81.     As a direct and proximate result of the negligence of Defendant Jiang, as herein set forth, Plaintiff Monique Guillen Monteiro was injured and required treatment.

82.     As a direct and proximate result of the negligence of Defendant Jiang, as herein set forth, Plaintiff Monique Guillen Monteiro sustained injuries to her back, including, but not limited to, a fractured vertebrae, back pain, and as well as the muscles, discs, ligaments, tissues, tendons,

and nerves in and about and extending from various portions of Plaintiff Monique Guillen Monteiro's body, all of which injuries are or may be serious and permanent.

83.     As a direct and proximate of the negligence of Defendant Jiang, as herein set forth, Plaintiff Monique Guillen Monteiro has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, impairment of movement of the various parts of her body, the loss of the ability to engage in her usual activities and occupation; the burden of medical expenses necessary for treatment to effect a cure and/or mitigate the pain of the aforesaid injuries; the impairment of earnings and earning capacity; lost wages; lost pension benefits; the impairment of her general health, strength, and vitality; and, the loss of the ability to enjoy the various pleasures of life.

**COUNT IV**
**FRAUD**
**Plaintiff Monique Guillen Monteiro v. Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global**

84.     Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

85.     Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, through their misrepresentations and authorization of the Global Mediation, among other wrongful acts, took part in the commission of the fraudulent acts set forth herein and are therefore directly liable as participants thereto.

86.     Upon information and belief, Defendants Super Lucky, Zhong Min Chen, and Taos Global have common ownership, unified administrative control, and supplementary business functions, and thus operate as a single enterprise.

87.    Among other evidence of this single enterprise, Defendant Zhong Min Chen, as the registered agent for Defendant Super Lucky, listed contact information with the Secretary of the Commonwealth of Massachusetts containing the email address to Taos Global.

88.    Additionally, among other evidence of this single enterprise, Defendants Wen Xu, Zheng Chen, and Zhong Min Chen misrepresented to the Commonwealth of Massachusetts, the City of Attleboro, the City of Quincy, the City of Boston, and the public at large their registered address and principal place of business.

89.    As set forth herein, as members of Defendant Super Lucky, Defendants Zhong Min Chen, Wen Xu, Zheng Chen, and Taos Global abused the corporate form and caused the dissolution and insolvency of Defendant Taos Global and Defendant Super Lucky and are therefore liable on the claims set forth herein.

**COUNT V**
**NEGLIGENT ENTRUSTMENT**
**Plaintiff Monique Guillen Monteiro v. Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global**

90.    Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

91.    At all times material hereto, Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global's employee and/or agent, Defendant Jiang, was operating and/or exercising control over the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global with their consent, authorization, knowledge, and/or permission.

92.    Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global and Defendant Jiang, through his role as an employee and/or agent for Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, assumed and did owe a duty of care to all reasonably

foreseeable people, including Plaintiff Monique Guillen Monteiro, to own, lease, manage, maintain, control, entrust, and operate the Incident Bus in a safe and reasonable manner on August 6, 2023.

93.    The accident, injuries, and damages resulting therefrom were the direct and proximate result of the negligence of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global and Defendant Jiang, through his role as an employee and/or agent for Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, in some or all of the following particulars:

      a.    In failing to have the Incident Bus under the proper control;

      b.    In failing to obey the rules of the road;

      c.    In failing to keep a proper look-out;

      d.    In failing to operate the brakes in such a manner that the vehicle could be stopped before colliding with the embankment;

      e.    In failing to observe the condition of Interstate 81 and the traffic thereon;

      f.    In failing to observe, with reasonable care, the traffic and road conditions of Interstate 81 including the location of the embankment;

      g.    In failing to avoid the accident by changing the direction of the Incident Bus;

      h.    In failing to obey traffic signals; and,

      i.    In failing to avoid the accident by applying the brakes.

94.    As a direct and proximate result of the negligence of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, as set forth in this Complaint, Defendant Jiang, as entrustee and operator of the Incident Bus, struck an embankment, rolled the Incident Bus onto its

right side and struck the back of another vehicle, which resulted in Plaintiff Monique Guillen Monteiro being propelled out of her seat and sustaining extensive injuries to her back, including, but not limited to, a fractured vertebrae, back pain, and as well as the muscles, discs, ligaments, tissues, tendons, and nerves in and about and extending from various portions of Plaintiff Monique Guillen Monteiro's body, all of which injuries are or may be serious and permanent.

95.    As a direct and proximate result of the negligence of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, as set forth in this Complaint, Defendant Jiang, as entrustee and operator of the Incident Bus, Plaintiff Monique Guillen Monteiro has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, impairment of movement of the various parts of her body, the loss of the ability to engage in her usual activities and occupation; the burden of medical expenses necessary for treatment to effect a cure and/or mitigate the pain of the aforesaid injuries; the impairment of earnings and earning capacity; lost wages; lost pension benefits; the impairment of her general health, strength, and vitality; and, the loss of the ability to enjoy the various pleasures of life.

96.    In the event it is determined that Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global were negligent in hiring, training and/or supervising Defendant Jiang, said actions/inactions on the part of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global are pled as additional bases upon which relief may be granted to Plaintiff Monique Guillen Monteiro.

97.    The aforementioned motor vehicle accident on August 6, 2023 and Plaintiff Monique Guillen Monteiro's injuries, as described herein, were a natural and probable

consequence of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global's negligent entrustment of their Incident Bus to Defendant Jiang.

### COUNT VI
### VICARIOUS LIABILITY
**Plaintiff Monique Guillen Monteiro v. Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global**

98.     Plaintiff Monique Guillen Monteiro incorporates herein, by reference thereto, as though set forth fully, all proceeding paragraphs.

99.     At all times material hereto, Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global's employee, Defendant Jiang, was operating and/or exercising control over the Incident Bus owned, controlled, maintained, sponsored, promoted, and operated by Defendants, as, and in the capacity of, agent, servant, and/or employee of Defendants has respondeat superior liability for the negligent and careless actions of their employee, Defendant Jiang.

100.     Defendant Jiang, as the employee, agent, and/or servant of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, committed the following careless and negligent acts and/or omissions:

a.     In driving the vehicle at an excessive and dangerous rate of speed under the circumstances;

b.     In failing to have the Incident Bus under adequate and proper control;

c.     In failing to keep a proper look-out;

d.     In failing to operate the brakes in such a manner that the Incident Bus could be stopped in a controlled manner;

e.     In failing to observe the condition of the highway and the traffic thereon;

f.     In failing to observe with, reasonable care, traffic and road conditions;

g.    In failing to avoid the accident by neglecting to slow down while approaching the embankment;

h.    In failing to pay attention to his surroundings while operating the Incident Bus; and,

i.    In driving in a negligent and unsafe manner, as pled herein.

101.    The aforementioned careless and negligent acts were committed while Defendant Jiang was engaged in furthering the business and/or interests of Defendants.

102.    As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, as herein set forth, Plaintiff Monique Guillen Monteiro was injured and required treatment.

103.    As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, as herein set forth, Plaintiff Monique Guillen Monteiro sustained injuries to her back, including, but not limited to, a fractured vertebrae, back pain, and as well as the muscles, discs, ligaments, tissues, tendons, and nerves in and about and extending from various portions of Plaintiff Monique Guillen Monteiro's body, all of which injuries are or may be serious and permanent.

104.    As a direct and proximate result of the negligence of Defendant Jiang, as the employee, agent, and/or servant of Defendants Wen Xu, Zheng Chen, Zhong Min Chen, and Taos Global, as herein set forth, Plaintiff Monique Guillen Monteiro has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, impairment of movement of the various parts of her body, the loss of the ability to engage in her usual activities and occupation; the burden of medical expenses necessary for treatment to effect a cure and/or mitigate the pain of the aforesaid

injuries; the impairment of earnings and earning capacity; lost wages; lost pension benefits; the impairment of her general health, strength, and vitality; and, the loss of the ability to enjoy the various pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A.    Award judgment against Defendants and for the Plaintiff;

B.    Award Plaintiff economic and compensatory damages for mental, emotional, and physical distress, anxiety, humiliation, and any other injury in an amount to be determined by the factfinders;

C.    Award Plaintiff punitive damages against the individual Defendants in an amount to be determined by a jury to deter each Defendant and others from similar misconduct in the future;

D.    Award Plaintiff reasonable attorney's fees, expenses and costs of litigation pursuant to applicable state and federal laws;

E.    Award Plaintiff pre- and post-judgment interest; and,

F.    Award Plaintiff such other relief as this Court deems just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: August 6, 2025                    Respectfully submitted,

                                  */s/ D. Aaron Rihn*
                                  D. AARON RIHN, ESQUIRE
                                  PA ID NO.: 85752
                                  SARA J. WATKINS, ESQUIRE
                                  PA ID NO.: 325770
                                  STANLEY D. FERENCE IV, ESQUIRE
                                  PA ID NO.: 336090
                                  ROBERT PEIRCE & ASSOCIATES, P.C.
                                  437 Grant Street, Suite 1100

Pittsburgh, PA 15219
Tel: 412-281-7229
Fax: 412-281-4229
Email: arihn@peircelaw.com
       swatkins@peircelaw.com
       mference@peircelaw.com

*Counsel for Plaintiff*